Spear, J.
The question is as though there were a demurrer to the petition. This pleading asks to recover of the lessor a portion of a month’s rent *44 paid by the lessee upon a lease which, provided for the payment of $1,500.00 per year for the demised premises, payable $125.00 per month, in advance, on the ground that the premises, having been destroyed by fire and injured so as to be unfit for occupancy, had been surrendered by the lessee to the lessor, by virtue of the clause in. the lease permitting surrender on account of fire.
Do these allegations give a right of recovery ?
The common law rule is, that where there is a covenant on the part of the lessee to pay rent for the term, and the buildings are destroyed by fire, the tenant is ' not relieved from the payment of rent unless he has protected himself by a provision in the lease to that effect. And to' show that this is the rule in Ohio, we need but cite Linn v. Ross, 10 Ohio, 412, where the principle is expressed in these words: “If a tenant agrees expressly, whether under seal or not, to pay rent, and makes no reservation on account of unavoidable accidents, he is bound to pay the rent for the whole term, notwithstanding the premises in the meantime are destroyed by fire.” The rule, it is said, grew but of a custom founded ripon the consideration that, as the destruction is usually by means of an accident for which neither lessor nor lessee is responsible5 it is but equitable to divide the loss, and, as the lessor must lose the property, the lessor should lose the term, and the further reason that exemption, from loss would tend to make the tenant less careful, and that the public, as well as landlords, is interested in the prevention of destruction of buildings by fire. But whether the rule is believed to be well founded or ill founded, its existence is not open to question.
*45 This being the rule governing the subject about which the parties were negotiating, the further inquiry is as to the effect of the provision of the lease abridging the lessee’s liability, which is a virtual incorporation of section 4113, Revised Statutes. And here we must keep in mind that where it is attempted to abrogate or modify a well established rule of the common law by statute, or by a provision in a contract, the scope should not be extended beyond the plain import of the words used, where reasonable effect can be given to the amendment without such extension. That provision is that, in case any building should be destroyed or injured by the elements or other cause so as to be unfit for occupancy, without any fault or neglect on the part of the lessee, he should not be liable to pay rent after a surrender of possession. It is thus shown that the parties had before them the subject of the lessee’s liability in ease of destruction of the buildings, and undertook to stipulate with reference to that contingency. They also had before them the "fact that the lease required the lessee to pay each month’s rent in advance, which would naturally suggest a condition in which there might be a destruction of the buildings after the payment and before the expiration of the month. In this situation they selected the terms in which the exemption from liability should bé couched, and, in distinct language, limited that exemption to exoneration of the lessee from payment after the surrender, leaving, as it seems to us, a plain inference that where paid before the surrender, the ordinary rule would apply. The proposition now is, that the court should add to this expressed exemption additional words which the parties did not see fit to place in *46 the contract, giving a cause of action to recover back a portion of the rent paid. It is the old story of a party asking a court to do for him that which he had the opportunity to do for himself, but failed to improve it. This lessee was in a position where, if it had been at the time of the making of the contract, agreed that he might reserve a right to recover money that had been paid, suitable words, looking to that end, might have been incorporated in the lease. He did nót so protect himself as to advance payments, but was content to stop short of it. How can a court, acting reasonably, now help him? It is the court’s province to enforce contracts, not to make them. There are two parties to the contention. How can the court say that if further exemption f romliability had been demanded it would have been acceded to by the lessor? Surely we cannot, and the latter, has a right to stand on the contract as it was made, and not be required to accept a. contract which the lessee now wishes he had obtained.
As to the monthly installments the contract is entire, and we think that where an installment was once paid, in conformity with the terms of the contract, it became the money of the lessor absolutely, and was not subject to be recovered back at the election of the lessee.
The precise question has not heretofore been before this court, and but little light is thrown upon it by consulting adjudications of other courts. Attention has been called to several cases in Massachusetts, which counsel of each party insists sustain his position. We incline to think their tendency is in support of the judgments below, but we are not content to follow them.
*47 Our conclusion is, that in the construction of this lease the courts below were in error, and this leads to a reversal of the judgments, and to judgment for plaintiff in error.

Judgments reversed.